United States v. Banker, Mr. Dean Good morning, and may it please the Court. The issues presented for review today are whether the trial court properly instructed the jury on counts 1 and 2 of a superseding indictment, violations of section 1591 and a conspiracy to violate section 1591, and then count 3 of the superseding indictment violations of count 3, a violation of section 2422 for enticement of a minor. And then separately, even if the court did properly instruct the jury in this case on the men's rare requirement of sections 1591 and 2422, whether the evidence at trial was otherwise even sufficient to satisfy the government's burden with respect to the knowledge requirement for each of those counts in the superseding indictment. I want to begin by talking about section 2422. This is the count that has to do with enticement of a minor. In section 2422 reads in pertinent part in subsection B that whoever using the mail or any facility or means of interstate or foreign commerce or within the special or maritime territorial jurisdiction of the United States, no need persuades, induces, entices, or coerces an individual who has not yet attained the age of 18 years old to engage in either prostitution or any sexual activity for which any person could be charged with a criminal offense. And appellate would submit that the court improperly instructed the jury in this case with respect to any knowledge of the minor victim. And that section 2422 should be properly read to require both a knowing act in this case, which is knowing persuasion or inducement or enticement or coercion, and having some knowledge, we would submit actual knowledge, that the recipient of that communication has also not attained the majority age of 18 years. Well, in the succeeding statute, immediately succeeding statute in the United States Code 2423, we interpreted the identical language in Washington to mean the exact opposite of what you propose. So how could we interpret this language any differently? Yes, sir. And that succeeding code section in 2423, we would believe, is something that requires a different scienter than 2422. In 2423, that code section deals with a person who knowingly transports an individual. It doesn't have anything to do with communication. It just has to do with transporting an individual who has not attained the age of 18. What difference does that make? Judge, it makes a considerable difference. In fact, there is a split among the circuits over the scienter requirement for 2422, because it has to do with communications, as opposed to 2423, which has to do with transportation. And the split that's emerged between the circuits, there are two circuits that favor our position with respect to scienter, the Seventh Circuit and the Ninth Circuit and the Meek and the In a situation with transportation, there isn't a knowledge requirement, because the defendant in that case, by definition, has an opportunity to observe the victim, because they have to be in the physical presence of the victim in order to transport that individual. No, they actually, that's not correct. They don't actually have to see the person they transport. Well, that's true. I know, that just completely belies your argument. They don't have to see them to transport them. Well, we would, that is true. They could transport that individual if they're in, I guess, the trailer of a tractor trailer, never actually see that person. Right, no, we agree. No, we agree. So now make your argument. It seems to me that defeats your argument. Well, it's not the only basis of our argument of the distinction between 2422 and 2423. Well, you want to try another one? Yes, sir. In 2422, it does deal with communications, and in 2422, what the Seventh Circuit has said and the Ninth Circuit has said is that when it deals with a communication, especially in this modern era of online communications, where you're dealing with perhaps the- Well, in those cases, they draw a distinction between 2422 and 2423. In fact, I believe in one of those cases, it does draw a distinction between 2422 and 2423. I believe in the United States against Koch case, and that's a Seventh Circuit case. The individual in that case, Francois Koch, he was a Canadian national who had been communicating with an individual who was an undercover agent, actually an adult, believing that individual to be a minor, and he was charged and convicted with a violation of 2423 because there was some sort of travel between the cities of New York and Chicago, and that had to do with the interstate transportation prong of 2423, and then also the online communications that precipitated it, and that was 2422. Well, there's a canon of construction I'm sure you're aware of that we use in case the plain language approach fails us, which I would not be convinced that it does in this case, but we use the canon of construction. We would normally interpret in peri materia sections of the code that run together and are in the same subject matter portion of the code, which these two are. So, in that case, it seems difficult to take the identical language in two adjoining code sections and interpret them to be the complete opposite of each other. Judge, again, we would ask that the court consider what the Ninth Circuit and the Seventh that there would be a signature requirement in 2422, and this is why. If 2422 didn't require any knowledge of the victim, then what you could have is a situation where one adult speaking anonymously online with another adult who happens to be a minor, but they're posing as an adult on the Internet, and they're discussing not prostitution, which is universally illegal, but they're discussing any sexual activity, perhaps an adulterous relationship through a dating website. And under the government's theory of the construction of the signature requirement for Section 2422, that kind of communication between two adults about otherwise lawful conduct, or at least lawful in some states, not in Virginia, where adultery is still part of the criminal code, but in other states where it is lawful and not punished criminally, that kind of adult You don't mean between two adults. You mean between an adult and somebody posing as an adult. That is correct. And so, but it's between, again, we go to the criminal mindset, which is at the heart of the men's right. The criminal intent there is absent, because it's one adult thinking that they're speaking to another adult on the Internet, and they have no opportunity to observe that person on the other end of the online communication. They certainly on a dating website perhaps wouldn't ask for some photo ID on the other end of that communication. As far as the criminal actor in that case is concerned, it's one adult talking to another adult. But under the government's theory of requiring no signature for having any knowledge of the age of the victim in that case, the government's theory would actually criminalize adult-to-adult communications. Now, Judge Shedd, you are correct that in that scenario that I've posed, which I think is a very real scenario in the real world, knowing how online communications work, it is still untrue if you were to look behind a computer screen, so to speak, a communication between an adult and a minor. But I think, in fact, the government's theory in this case of requiring no knowledge whatsoever who's on the other end of that online communication poses an unintended consequence for government prosecutions in cases involving sting operations. Because under the government's requirement, and the Ninth Circuit talked about this, they said, if you don't require any sort of knowledge of the individual with whom you're communicating online, what ends up becoming a problem is in the normal use of Section 2422, which is to conduct sting operations of adult police officers posing as minors on the internet, and then communicating with somebody and then prosecuting them under 2422. Under the government's theory, if there's no knowledge requirement for the age of the person with whom you're communicating in that scenario, the unintended effect could actually be that an adult is communicating with another adult, having no knowledge of who that person's true age, and that could actually undo the prosecution of that sting operation. Some of our opinion in Washington would seem to answer that argument, because in that case we said, viewed in context, the purpose of 2423A is to make a victim's underage status an aggravating factor in order to provide minors with special protection, not to make the provision protecting minors more difficult to prove than its general counterpart. And Judge, that is true, and in a prosecution of 2423, that was something that the Court noted in the Washington case. We would submit that the proper construction of the signature requirement, which is subject to a circuit split on this day, would require a different result. And we would also suggest to the Court that the Supreme Court of the United States has a different view on this issue. In the Excitement Video case, which is a case from the early 1990s, and that case also involved a minor victim. It was a pornography case involving transportation of pornography through the United States mail. And in the Excitement Video case, even though it did involve a minor victim and a criminal situation involving the exploitation of a minor, even in that scenario the Supreme Court said that this rule, that the special context of the statute involving minors, that there might not be any sort of knowledge requirement. It's not absolute. What do we do with the language in the records starting at JA-174 that says, what are we going to do with her? She's 17. She's a runaway. How does that affect your case? Judge, in that particular reference in the Joint Appendix, I would direct the Court's attention to elsewhere in the Joint Appendix where the actual minor victim in this case was also questioned during the trial about that particular conversation. And her testimony differs greatly from the co-conspirator. What she said was that during that conversation, did you observe what the appellant's reaction was when that alleged conversation took place? And she said yes. And on Joint Appendix 176, she is asked, what was his reaction? And he remarks, his face was blank. There's actually no evidence in the record that he ever responded to that or ever had any reply or communication back acknowledging that he knew the age of this victim. And I would close by saying... Yeah, but he's certainly entitled to use his own common sense and observation of events to make that determination. I mean, you're not required to have a confession by the defendant, the alleged perpetrator, that they had specific knowledge of the victim's age. And you would never have that case. And Judge, that goes to our last issue that we raised on appeal, which has to do with the sufficiency of the evidence and whether it was rational for the jury to disregard that in light of the other evidence in the case that she's lying about her age online, lying about her age to the group of friends, lying about her age to my client. Judge Shedd has a question. This is Judge Shedd. Going back to Judge Floyd's question, though, there's testimony in the record that he was told she was 17, correct? There is testimony in the record from the co-defendant, and that's it. But from the binder victim herself, she contradicts that. Wait, wait, wait, wait, wait, wait. Then the law is any evidence on a point is sufficient on that point. That evidence, the jury is allowed to believe any and all of any witnesses' testimony. So if they believe that, what Judge Floyd pointed to, that would be completely sufficient under the law, wouldn't it? You wouldn't like it, but that would be completely sufficient under the law to establish that he knew she was under 17 or was told that, correct? Yes, Your Honor. In our view of the facts in that case, and that conversation is more nuanced than that, there isn't evidence in the record that he acknowledged or even heard that comment about the discussion for age. Only that took place in his presence. The jury's allowed to draw any reasonable inference off the evidence as well, correct? That's true. And what we would submit is that they drew an unreasonable inference in that case that no rational fact finder could have supported. With that, I reserve the remaining... You don't think any rational fact finder could believe that if somebody's told a person's under 17, that he knew she was under 17? I mean, she was 17? You don't think any rational person could believe that point? In the face of these facts, where apparently the minor victim testified, he didn't even reply or move or emote, or his face was blank, those were the words that she used at trial that it would be unreasonable for the jury to make that finding. I reserve the remainder of my time for rebuttal. Thank you. Thank you, Mr. Dane. We'll hear from you on rebuttal. Ms. Rottenborn? Yes, good morning, Your Honors. May it please the Court, I'm Laura Rottenborn on behalf of the United States. As you well know, there are three issues on appeal today. However, only one presents an issue of first impression, and that's the issue that Mr. Dane spent the majority of his time discussing, which is whether Section 2242B, Governing Enticement of a Minor, requires the government to prove that the defendant knew of the victim's minor status. And the answer to that is no, primarily for the reason that Judge Agee has identified, which is there is analogous Fourth Circuit case law on point, both from the Jones and then the Washington decision, governing the analogous counterpart to 2422, which clearly states that knowledge of the victim's minor status is not something that the government must prove in order to prove a violation of the Mann Act. Additionally, the government offers that the plain reading of the statute, combined with the congressional intent behind Chapter 117, which is designed to protect minors from the very predatory and potentially destructive world of illegal commercial sex, as well as the Eleventh Circuit case in Daniels, which is directly on point and addresses this very issue, all provide the Court with many reasons to find that 2422B does not require the government to prove that the defendant knew that the victim was underage. Starting with the Washington decision, that case obviously addressed 2423A, transportation, and Mr. Dean has suggested that perhaps there's a difference between statutes that criminalize transportation as opposed to statutes that criminalize what amounts to a communication here followed by transportation. The congressional intent behind the Mann Act is to make this a criminal beware statute, that if you're going to engage in some type of criminal conduct that puts a minor victim at risk of being subjected to some type of illegal commercial sex act, then the defendant bears the risk that that person is underage and therefore may be subjected to heightened punishment under federal law. Now under 2423A, Mr. Dean is correct that it governs transportation, and he's also correct the Seventh and Ninth Circuit cases that he's pointed to talk about the fact that 2422 is a communication statute to some extent, inducement or enticement could involve communications. But where Mr. Dean is respectfully wrong is that those cases are in the context of attempt offenses, and in this case, the one presented before your honors, we have a completed offense. And the cases that have addressed completed offenses under 2422B have universally concluded that knowledge of the victim's minor status is not a requirement. There are no First Amendment protections for actually inducing or enticing a child into an illegal sex act. There was an argument this morning that perhaps this court would run the risk of somehow criminalizing legal adult-to-adult communications, and that is simply not true. The statute on its plain terms already requires an illegal criminal act in order for the defendant to be guilty regardless of whether or not the scienter requirement extends to the element of age. And that's because when you read the plain language of the statute, it states that the defendant must have enticed or induced the victim into either prostitution or any other sexual activity for which somebody could be charged with a criminal offense. In other words, the statute requires criminal conduct, and there is no risk that the statute would criminalize otherwise innocent conduct, even if the defendant had no knowledge of the victim's age. So this is not the case where there is any risk that we would somehow be criminalizing legal adult-to-adult communications. It is by definition already a criminal act, and Congress has clearly expressed its intent to provide very serious and heightened punishment when the victim of that already illegal act is a child. I would add that as the government's brief explained, this is true in other contexts outside the Mann Act. While we think that the Washington decision and the Daniels case alone would help compel the conclusion here that 2422B was properly instructed by the district court, I do direct the court to analogous case law, including the Chin and the Cook decisions that I discussed extensively in my brief. For example, enticement or inducement of a minor into drug trafficking, which is very similar in structure and in intent to enticement and inducement of a minor into sex trafficking, has already been determined to also not require the scienter of age. Because there are so many statutory similarities and there is an analogous congressional intent with all of these inducement and enticement of a minor into criminal acts that has already been ruled upon by this court, whether it's in the Cook decision or in the Washington decision, the government submits that there's no principal distinction between those cases and what the results should be here under 2422B, and we would ask that you affirm the district court's decision to allow the jury to convict without requiring that the defendant knew of the victim's minor age. Unless there's any other questions from your honors on 2422B, I'm happy to briefly address the 1591 issues or the substantial evidence question. Go ahead. Mr. Dean did not address the 1591 argument in this morning's oral argument, however, I would just briefly note that there is absolutely no case law that the government has been able to identify to support that position. Specifically, Mr. Dean's argument in his brief is that 1591 requires actual knowledge of the victim's age as opposed to allowing the government to meet its burden of proof by proving either actual knowledge or reckless disregard of the victim's age. And I note that 1591 was originally enacted pursuant to the Trafficking Victims Protection Act in 2000, and in that time, it specifically required the government to prove knowledge of the victim's age. However, 1591 was amended in 2008 pursuant to the Trafficking Victims Reauthorization and Protection Act. And in that instance, Congress amended the scienter requirement to allow the government to carry its burden of proof by proving either actual knowledge or reckless disregard. And as the government's brief discusses in detail, the act was further amended in 2015 to allow the government to discharge its burden by proving either actual knowledge, reckless disregard, or reasonable opportunity to observe. So over the years, Congress has clearly stated its intent to lessen the government's burden when it comes to the scienter requirement in these child exploitation cases. Here, the operative statute is the 2008 version. Every circuit to have addressed that statute, which includes the 2nd, the 5th, the 6th, the 8th, the 9th, the 10th, and the 11th, have all held that the government may discharge its burden under that 2008 version by proving either actual knowledge or reckless disregard. There is simply no inconsistency in the case law. There is no split of thinking. And in all of the Fourth Circuit's unpublished decisions that I was able to find in my research, the Fourth Circuit has also reiterated that the government may discharge its burden by proving reckless disregard. When you look at the record here, there is not only plenty of evidence that Mr. Banker had actual knowledge of the victim's age, but there is abundant substantial evidence, particularly taken in the light most favorable to the prosecution, that the government satisfied its burden of proving reckless disregard. Lastly, with respect to the question of substantial evidence, I understand the defendant's position that the conversation between the co-conspirator and the victim and the defendant in their belief is not sufficient. However, I direct the Court's attention to the Gray-Somerville decision, which was another sex trafficking of a minor case. And in that case, the Fourth Circuit upheld a jury verdict when there was one single conversation between the minor victim and the defendant, where the minor victim testified that she informed the defendant of her minor status. And this Court held that that was sufficient to uphold the jury verdict. Here we have well more than just one person saying there was one conversation. You have Mr. Banker's co-conspirator testifying to the fact that she specifically informed him of the minor victim's age. You have the minor victim herself confirming that conversation. They provided corroborating details about when that conversation took place, where it took place, and specifically what was said. That conversation was also put in the context of Facebook communications and text message communications, during which the co-conspirator had invited Mr. Banker to come over so that they could tell him something important. And that subsequent to that conversation, Mr. Banker then reached out to the minor victim, following up on their request to help her make money. And all of those facts are spelled out in detail in the government statement of facts. But the point being that we don't have one single isolated conversation in a vacuum. It is corroborated by the documentary record. Let me ask. Yes, Your Honor. You don't need this argument, though, do you? Isn't all you need one statement or one piece of evidence in the record? That's all you need, isn't it? Absolutely, Your Honor. Isn't that sufficient? That is absolutely sufficient. And we are well north of that threshold. Yeah, but I'm just saying, if you have one person who says she told him, and the other side argues, well, he didn't have an expression on his face and we offered other evidence. But the jury is entitled to believe that one point of evidence and disregard every other piece of evidence on that point. Isn't that correct? Yes, Your Honor. That is absolutely correct. That is the holding of Grace Somerville. Those are the facts of that case. And even if that's all the jury believed here, that would be sufficient under the law. We certainly have more evidence than that, but that is sufficient. We have read your briefs, and I think we understand your argument. Is there anything else you'd like to tell us about? If the Court has no further questions, we rest on our briefs. All right. Thank you very much. Thank you, Your Honor. Mr. Dean. May it please the Court. Briefly in rebuttal, I want to turn to, again, the signatory requirement of 2422 and the interplay between 1591 and 2423. I would respectfully submit to the Court that the signatory requirement, the proper mens rea that should be read into 2422 requiring knowledge of the age of the victim in that case is actually closer to 1591 than it is to 2423. In 2423, as this Court has ruled, of course, in Washington and Jones, there is no knowledge requirement of the age of the victim. In 2423, it only speaks to transportation, where under ordinary circumstances, understanding that there are some few exceptions, under ordinary circumstances, when one transports another, they have an opportunity to observe that individual. It can make an appropriate assessment of their age. But in 1591, notably, there is a knowledge requirement for the age of the victim. That's what Congress has written, and Congress amended the statute two months after the offense that gave rise to this prosecution, and Congress kept that language in. In 1591, it encompasses not only transportation, but again, like 2422, enticement, recruiting, harboring any person, and if Congress had intended that there would never, ever be any sort of signatory requirement for a criminal code that criminalizes trafficking of a minor, and yet in 1591, there is a requirement that says, knowing or in reckless disregard of the fact that the person has not attained the age of 18 or that requirement can be discharged under subsection C if there's a reasonable opportunity to observe the individual. And in 1591, there is a signatory requirement for the age of the victim in the case, and we would submit that in 2422, which is also a statute, like 1591, that deals with recruiting or enticing, again, a communications statute, that just as Congress had intended and in fact set forth a signatory requirement in 1591, a communications statute, that this court also should join in the Seventh Circuit and the Ninth Circuit in finding that there's a mens rea requirement for the age of the victim in another communications statute, which is 2422, and the fact that it involves communications differentiates it from the absence of a signatory requirement in 2423, because that's a transportation statute. And again, I want to turn back to the government's argument that there is no risk in criminalizing innocent conduct if this court were to rule, in this case, that there's no signatory requirement for a communications statute like 2422. And what we would respectfully submit to this court is that there is a risk that there could be a criminal punishment for an adult engaging in what they believe to be an adult-to-adult communication with somebody through the cloak of the anonymity of the Internet with respect to any sexual activity, otherwise lawful conduct, that would otherwise fall under the purview of 2422 if that person happens to be posing as an adult on the Internet, and that there's no reasonable way for somebody engaging in an adult-to-adult communication on the Internet where it's anonymous, that you can't observe who you're talking to on the other side of the computer, that they could otherwise jeopardize themselves into a mandatory minimum decade in federal prison in violation of 2422, having no way of otherwise ascertaining who they're speaking with online. And in fact, the Ninth Circuit and the Seventh Circuit was cognizant of that danger in reading 2422 without any sort of signatory requirement under that statute. And what the Ninth Circuit had said is that, well, the potential for unconstitutional chilling of legitimate speech disappears, and this is in the Meek case, disappears because 2422 requires the prosecution to prove that the defendant actually knows or believes the specific target of the inducement is a minor, and that knowledge of the age of the person induced is essential to the construction of 2422, because with few exceptions, the inducement of a person over the age of 18 into sexual activity is not otherwise illegal. And the Seventh Circuit reached a similar conclusion in the Koch case, saying that, as in the excitement video decision of the Supreme Court of the United States, the age of the victim is the crucial element separating legal innocence, adult-to-adult communications online, from what is otherwise wrongful conduct, which is engaging in communications and enticement with somebody known to be a minor. And as the Seventh Circuit decided in that case, that Section 2422 may best be interpreted to contain a mens rea requirement regarding the victim's age or otherwise risk criminalizing otherwise lawful conduct. Finally, we turn to the sufficiency of the evidence, as we stated before. It's our position that the evidence in this case is bereft of any proof that Mr. Banker had any knowledge that this individual, 17 years and 10 months in the date of the offense, was otherwise a minor on this particular date. The evidence of the record is replete with references to the fact that she misrepresented her age to him, to other people in her social group, the people they became associated with. She lied online about her age. She had a false birth date on her Facebook profile. These folks primarily communicated through Facebook. The far majority of Mr. Banker's communications with her were on the Internet, where she was lying about her age. And that based on that, we would submit that no rational fact finder could find that he knew or had any reason to know that she was under the age of 18. And in fact, the jury's question during deliberations, that second question they submitted that they couldn't reach unanimity with respect to the counts having to do with knowledge of the age of the victim, would suggest that this is something the jury struggled with as well. We would ask the court to set aside the verdict for those reasons. Thank you. Thank you, Mr. Dane. We're going to ask the clerk of court to adjourn court and we'll come down and brief counsel. This honorable court stands adjourned, sign and die. God save the United States and this honorable court.
judges: Dennis W. Shedd, G. Steven Agee, Henry F. Floyd